NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF DAVID HERNANDEZ, : | |
| : | Civil Action No. 12-3152 (MAS) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| RUSTIN KRETZ, : | |
| : | |
| Defendant. : | |
| : | |

**BONGIOVANNI, Magistrate Judge**

  Currently pending before the Court is Defendant and Third Party Plaintiff Rustin Kretz's ("Defendant") motion seeking leave to amend his Third-Party Complaint [Docket Entry No. 9] in order add a new count against Stewart Title Guaranty Company ("Stewart") and to add it as a Third-Party Defendant. Existing Third-Party Defendants Janine M. Atamian and Premier Title & Escrow have filed opposition to Plaintiff's motion [Docket Entry No. 16]. Defendant has in turn filed a reply [Docket Entry No. 17]. The Court has fully reviewed all submissions in support of and in opposition to Defendant's motion. The Court considers Defendant's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth below, Defendant's motion is DENIED.

**I. Background**

  Defendant's one-page memorandum of law alleges that Stewart is the parent company of Premier Title & Escrow and that it violated New Jersey Statute section 46:10A-3 when it "failed to

issue a mortgage title insurance policy or to advice Kretz as Mortgagor of his right to obtain title insurance in his own favor." *Defendant's Brief in Support,* Docket Entry No. 9-3, at *2. N.J.S.A. 46:10A-3 reads as follows:

> Whenever in connection with the making of a real estate purchase money mortgage loan upon a 1, 2, 3, or 4 family dwelling house for a term exceeding two years, the mortgagee requires the issuance of a mortgagee policy of title insurance, the company issuing the policy of title insurance shall prior to the disbursement of the mortgage funds cause the mortgagor to be advised in writing of the fact that a mortgagee title insurance policy is to be issued, the name or names of the insured under said policy, and of the face amount of such policy. Such notice shall also advise the mortgagor of his right and opportunity to obtain title insurance in his own favor if the same has not already been ordered or obtained.

N.J.S.A. 46:10A-3.

Defendant further argues that "there will be no prejudice to the other parties, since past discovery will be unaffected and more discovery will be taken in any case." *Id.* Defendant therefore concludes that the motion should be granted, in light of "the policy of liberally granting proposed amendments[.]" *Id.*

Third-Party Defendants oppose Defendant's motion. Third-Party Defendants argue that the proposed amendments are futile and therefore, the motion should be denied. Third-Party Defendants deny liability under N.J.S.A. 46:10A-3, but argue that even if the allegations are accepted as true, the claim is futile for two reasons. *Third-Party Defendants' Brief in Opposition,* Docket Entry No. 016, at *3. First, Third-Party Defendants argue that "[t]here is no private cause of action for a violation of N.J.S.A. 46:10A-3" and that any such violation "can only be prosecuted by the Attorney General of New Jersey." *Id.* at 4. In this regard, Third-Party Defendants cite to N.J.S.A. 46:10A-5 which reads as follows:

> If the company issuing the mortgagee policy of title insurance shall fail to comply with the provisions of section 1 of this act the said company shall forfeit to the State of New Jersey the sum of $100.00, to be recovered with costs in a civil action to be prosecuted by the

>   Attorney General who shall prosecute such actions whenever it shall appear that this act has been violated.

N.J.S.A. 46:10A-5.

Second, Third-Party Defendants argue that "an individual cannot be held liable for violating N.J.S.A. 46:10A-3" and "only the company issuing the title policy can be liable[.]" *Id.* Therefore, Ms. Atamian and Premier Title & Escrow argue that they cannot be liable for a violation of the statute. Furthermore, Third-Party Defendants deny that Stewart is the parent company of Premier Title & Escrow and argue that, even assuming *arguendo* that they were agents of Stewart, they would still not be liable because there is "no reference to any agent, servant and/or employee" being liable and that only the issuing company is liable under the "clear and unambiguous language" of the statute. *Id.* at 5.

Defendant responds by initially stating that "the party seeking to amend the pleading need not 'engage in the equivalent of substantive motion practice upon the proposed new claim or defense." *Plaintiff's Letter Brief in Reply,* Docket Entry No. 17, *1, quoting *Harrison Beverage Company, C.L. v. Dribeck Imps., Inc.,* 133 F.R.D. 463 (D.N.J. 1990). Defendant argues that the standard employed in a motion to amend relates to the "facial sufficiency of the proposed amended pleading" and that Defendant has alleged enough facts to support such an amendment. *Id.* Defendant argues that "[t]here is every basis to suppose that Premier Title was the agent of Stewart Title." *Id.* at 2. Furthermore, even though there is no reference to agent liability in the statute, Defendant argues that under principles of common law any principal can be liable for the authorized actions of its agents. *Id.*

Defendant concedes that the statute in question does not refer to a private right of action, but argues that one might be inferred upon consideration of several factors. Those factors as

outlined by Defendant are: "whether (1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy." *Id.* at 3, quoting *R.J. Gaydos Insurance Agency, Inc. v. National Consumer Insurance Company,* 168 N.J. 255, 272, 733 A.2d 1132 (2001) (internal citations omitted). Defendant argues that he is within the class of persons which the statute was intended to protect and that legislative intent would be furthered by allowing a private cause of action. Defendant cites to *Clients' Security Fund of the Bar of New Jersey v. Security Title and Guaranty Company,* 134 N.J. 358, 372-74, 634 A.2d 90 (1993) which he argues found a private cause of action under N.J.S.A. 46:10A-3. Defendant argues that therefore, "the Amended Complaint is hardly invalid on its face and should be allowed." *Id.*

## II.  Analysis

### A.  Standard of Review

Pursuant to FED.R.CIV.P. 15(a)(2), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). In this case, Defendant cites futility in opposition to Plaintiff's motion. A motion to amend is properly denied where the proposed amendment is futile. An amendment is futile if it "is frivolous or advances a claim or defense that

is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard. *Alvin v.* 227 F.3d at 121. Under Rule 12(b)(6), a motion to dismiss will be granted if the plaintiff fails to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).

In considering the language of the statute, the legislative history, and case law interpreting it, the Court finds that N.J.S.A. 46:10A-5 does not confer a private cause of action for a violation of N.J.S.A. 46:10A-3. Indeed, the only case to even mention the statute is the one cited by Defendant. However, that case does not make the specific holding that a private cause of action is allowed, but instead uses the compelling language of the statute to arrive at the finding that the title insurer breached its duty of good faith and fair dealing. *Clients' Sec. Fund of the Bar of N.J. v. Sec. Title & Guar. Co.,* 134 N.J. 358 (1993). In light of this extremely limited analysis of the statute and a dearth of case law interpreting it, the Court is unwilling to find that a private cause of action exists as to all violations under that section. Moreover, it seems to the Court that by the plain language of the statute, the Attorney General "shall prosecute such actions whenever it shall appear that this act has been violated." N.J.S.A. 46:10A-5.

Because the Court finds that a private cause of action is not conferred under this statute, the Court declines to offer analysis on whether the Third-Party Defendants can be held liable as individuals or as agents of Stewart under the statute and whether the proposed amended complaint fails to state a claim in that respect.

### III.   Conclusion

For the reasons stated above, Defendant's Motion to Amend is DENIED. An appropriate

Order follows.

Dated: March 11, 2013

              s/Tonianne J. Bongiovanni
              **HONORABLE TONIANNE J. BONGIOVANNI**
              **UNITED STATES MAGISTRATE JUDGE**