# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF DAVID HERNANDEZ, et al., | |
| Plaintiffs, | Civil Action No. 12-3152 (MAS) (TJB) |
| v. | |
| RUSTIN KRETZ, et al., | ORDER |
| Defendants. | |

This matter comes before the Court upon The Honorable Tonianne J. Bongiovanni's Report and Recommendation. (ECF No. 43.) In her December 17, 2013 Report and Recommendation, Judge Bongiovanni recommended that the Court dismiss the Complaint with prejudice. According to the Report and Recommendation, Plaintiff advised that the bankruptcy proceeding had been dismissed and submitted that the Court, therefore, lacked jurisdiction.

Defendant and Third Party Plaintiff, Rustin Kretz ("Defendant" or "Kretz"), filed a response to the Report and Recommendation. Notably, Kretz's response implicitly concedes that the Court currently lacks jurisdiction in this matter. Kretz states that he has no objection to the dismissal of the Complaint filed by the Estate of David Hernandez. However, Kretz also asserts that "[d]ismissal of the entire matter at this point would work a terrible injustice upon [him]." Kretz believes that jurisdiction can be salvaged if the litigation is reconstituted to substitute him as the Plaintiff and if the Court dismisses certain non-diverse defendants. According to Kretz, a motion to amend is forthcoming.

The Court has carefully considered the Report and Recommendation and Kretz's response. The Court does not find it appropriate to decide the pending motion at this time based on the absence of jurisdiction. Rather, the Court finds it prudent to afford Kretz leave to file a

motion to amend. If Judge Bongiovanni grants the motion to amend and the Court determines that it has jurisdiction in the matter, it will then decide the pending motion. Based on the foregoing reasons, and for other good cause shown,

IT IS on this 23rd day of January, 2014, **ORDERED** that:

1. The Court adopts the Report and Recommendation and dismisses the Complaint filed by the Estate of David Hernandez.

2. Defendant must file a Motion to Amend by **February 7, 2014**.

3. The motion to vacate default judgment is terminated without prejudice pending resolution of the motion to amend and the Court's determination regarding its jurisdiction in this matter.

                                                                s/ Michael A. Shipp
                                                                **MICHAEL A. SHIPP**
                                                                 **UNITED STATES DISTRICT JUDGE**