**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE ESTATE OF DAVID HERNANDEZ, | : | |
| Plaintiff, | : | |
| v. | : | |
| RUSTIN KRETZ, | : | Civil Action No. 12-3152 (MAS) (TJB) |
| Defendant. | : | |
| | : | **MEMORANDUM ORDER** |
| RUSTIN KRETZ, | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| DREAM HOUSE MORTGAGE CORP.; PREMIER TITLE & ESCROW; KELLER WILLIAMS VIP PROPERTIES; SEAN POLISENO; LAWRENCE A. WANDER, ESQ.; JOHN C. PONTE; OTMS CREDIT SOLUTIONS; KEETON INVESTMENTS; KEVIN BONN; JANINE ATAMIAN, ESQ.; KELLER WILLIAMS CENTURION; NORTHEAST SIGNATURE PROPERTIES; SIMONE O'LEARY; REAL ESTATE APPRAISAL PROFESSIONALS; JOHN AND JANE DOES 1-10; AND DEFENDANTS XYZ COMPANIES 1-10, | : | |
| Third-Party Defendants. | : | |

**SHIPP, District Judge**

This matter comes before the Court upon the motion of Third-Party Plaintiff Rustin Kretz

to amend the Third-Party Complaint. Third-Party Defendants Janine Atamian and Premier Title &

Escrow oppose the motion and cross-move to dismiss for lack of subject matter jurisdiction.

Having considered the parties' submissions, the Court now resolves the motions without oral argument pursuant to Local Civil Rule 78.1.

I.     **Background**

    This litigation grew out of a real estate transaction between former Plaintiff David T. Hernandez ("Mr. Hernandez"), now deceased, and Third-Party Plaintiff Rustin Kretz. Faced with mounting debts, Mr. Hernandez sold his house in Hightstown, New Jersey to Kretz for $235,000 in August 2006. A California resident, Kretz had never seen the property, had no intention of taking possession of it, and committed no personal funds to its purchase. Instead, Kretz alleged that he entered into the transaction with the understanding that Mr. Hernandez would re-purchase the property after one year, and pay rent to Kretz in the meantime.

    Kretz still owned the property when Mr. Hernandez filed for bankruptcy in April 2008. As part of the bankruptcy, Mr. Hernandez sued Kretz for return of the property and monetary damages in an adversary proceeding. (*See* Adversary Complaint For Declaratory & Other Relief, ECF No. 1-2.) Kretz responded with his Third-Party Complaint in which he admitted participating in the fraudulent transaction that deprived Mr. Hernandez of his property, but claimed that he, like Mr. Hernandez, had been a victim of the fraud. Kretz placed responsibility for the fraud on fourteen Third-Party Defendants who allegedly participated in the transaction.

    Following Mr. Hernandez's death in November 2011, his estate and its executor, David Hernandez, was substituted as debtor in the bankruptcy court proceedings. In July 2012, the adversary proceedings were removed to this Court on the Estate's motion. After the bankruptcy action was dismissed in October 2013, Magistrate Judge Bongiovanni recommended dismissal of the Estate's Adversary Complaint for lack of jurisdiction. (*See* Report & Recommendation, ECF No. 43.) In correspondence filed January 14, 2014 (ECF No. 44), Kretz indicated that he did not object to dismissal of the Estate's first-party claims, but requested permission to amend his Third-

Party Complaint in order to preserve federal jurisdiction of his claims. Consistent with Kretz's request, the Court adopted the Magistrate Judge's Report and Recommendation, but deferred consideration of its jurisdiction pending Kretz's motion for leave to amend. (Order, ECF No. 45.)

## II.     **Discussion**

Kretz's proposed amended complaint ("PAC") jettisons all claims against Third-Party Defendants Sean Poliseno and Keller Williams VIP Properties ("VIP"), both of whom hail from Kretz's home state of California. Kretz maintains that because none of the remaining Defendants are California citizens, the PAC establishes complete diversity as required by 42 U.S.C. § 1332. Third-Party Defendants Premier Title & Escrow and Janine Atamian (collectively, "Premier Defendants") oppose the amendment as futile and cross-move to dismiss the Third-Party Complaint for lack of jurisdiction. The Premier Defendants principally contend that the PAC would be subject to dismissal under Federal Rules of Civil Procedure 12(b)(7) and 19 because Poliseno and VIP are indispensable parties.

Leave to amend should be "freely given when justice so requires." *Winer Family Trust v. Queen*, 503 F.3d 319, 330-31 (3d Cir. 2007) (internal quotation marks omitted). A court may, however, deny a motion to amend on the "grounds that amendment would cause undue delay or prejudice, or that amendment would be futile." *Id.*

Rule 12(b)(7) provides for the dismissal of a pleading that "fail[s] to join a party under Rule 19." A Rule 12(b)(7) motion to dismiss must be resolved according to the "two step procedure" set forth in Rule 19. *Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 805 (3d Cir. 1994). At step one, the court asks whether the omitted party is necessary because:

    (A)    in that person's absence, the court cannot accord complete relief among existing parties; or

    (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

3

      (i)      as a practical matter impair or impede the person's ability to protect the interest; or

      (ii)     leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the non-diverse party is necessary under Rule 19(a), the court proceeds with the discretionary inquiry into dispensability prescribed by Rule 19(b). *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). In exercising this discretion, the court considers:

    (1)    The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

    (2)    the extent to which any prejudice could be lessened or avoided by:

      (A)    protective provisions in the judgment;

      (B)    shaping the relief; or

      (C)    other measures;

    (3)    whether a judgment rendered in the person's absence would be adequate; and

    (4)    whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). The party moving under Rule 12(b)(7) bears the burden of establishing indispensability. *John Hancock Prop. & Cas. Co. v. Hanover Ins. Co.*, 859 F. Supp. 165, 168 (E.D. Pa. 1994).

In this case, the Premier Defendants' Rule 19(a) necessity argument rests heavily on Poliseno and VIP's alleged complicity in the fraudulent sale of Mr. Hernandez's property. Citing Kretz's claim that Poliseno, allegedly a VIP employee, introduced him to the transaction, the Premier Defendants assert that "entangled questions of Poliseno and Keller Williams' liability" will prevent the Court from according complete relief to the parties named in the PAC. (Premier

Defendants' Br. 11, ECF No. 48-2.) Whatever the nature of these "entangled questions" – the Premier Defendants offer no details about the perceived threat – they do not overcome the "long recognized" precept "that 'it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.'" *Huber v. Taylor*, 532 F.3d 237, 250 (3d Cir. 2008) (quoting *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990)). The Premier Defendants' hazy prediction of "double, multiple or otherwise inconsistent obligations" is similarly unpersuasive. To the extent there is any actual danger of redundant obligations, the Premier Defendants are free to demand contribution from Poliseno and VIP. *See Zelaskowski v. Johns-Manville, Corp.*, 578 F. Supp. 11, 17 (D.N.J. 1983).

The Court finds that the PAC does not omit a necessary party under Rule 19(a). In light of this finding, there is no need to consider whether Poliseno and VIP are indispensable for Rule 19(b) purposes. The Court nevertheless observes that considering the maturity of litigation, together with the improbability of Kretz joining each third-party defendant in any alternative forum, the Rule 19(b) factors weigh heavily against dismissal. *See Gen. Refractories Co.*, 500 F.3d at 321-22 (suggesting district court abused its discretion in deeming omitted parties indispensable where plaintiff would be unable to obtain adequate remedy in a state court proceeding).

## III.   Conclusion

For the foregoing reasons, the Court will grant Kretz's motion to amend. Kretz's claims against Third-Party Defendants Sean Poliseno and Keller Williams VIP are dismissed without prejudice. The Premier Defendants' cross-motion to dismiss is denied as moot. Before the PAC is filed, Kretz must revise it to include the inadvertently omitted information regarding Stewart Title Company's citizenship.

Accordingly, **IT IS** on this 26th day of September, 2014, hereby **ORDERED** that:

1. Third-Party Plaintiff Rustin Kretz's motion (ECF No. 46) to amend  is granted, provided Kretz revise the PAC to include the requisite information regarding Stewart Title Company's citizenship.

2. Kretz's claims against Third-Party Defendants Sean Poliseno and Keller Williams VIP are dismissed without prejudice.

3. Defendants Premier Title & Escrow and Janine Atamian's cross-motion (ECF No. 48) to dismiss the Third-Party Complaint is denied as moot.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** September 26th, 2014

6