**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF DAVID HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUSTIN KRETZ,<br><br>　　　　　Defendant.<br><br>RUSTIN KRETZ,<br><br>　　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>DREAM HOUSE MORTGAGE<br>CORPORATION, et al.,<br><br>　　　　　Third-Party Defendants. | Civil Action No. 12-3152 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on the motion of Third-Party Defendant Lawrence A. Wander, Esq. ("Wander" or "Third-Party Defendant") to vacate default judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 32.) On August 6, 2011, default judgment was entered against Wander. Nearly two years later, on June 21, 2013, Wander filed the instant motion. Third-Party Plaintiff Rustin Kretz ("Kretz" or "Third-Party Plaintiff") filed opposition (ECF No. 36), and Wander replied (ECF No. 37). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies Wander's motion to vacate default judgment.

I.  **Background**

The following background information addresses only those allegations and facts relevant to the motion under consideration. This matter was originally filed in the Bankruptcy Court for the District of New Jersey by the Estate of David Hernandez ("Debtor") against Kretz for fraudulently inducing Debtor to enter into detrimental real estate transactions. (Mot. to Withdraw Reference, Ex. A ("Complaint"), ECF 1-2.) Kretz filed a third-party complaint against Wander and thirteen other Defendants (collectively, "Third-Party Defendants") alleging that Third-Party Defendants conspired to defraud both him and Debtor. (Certification of Santo Bonanno ("Bonanno Cert."), Ex. D ("Third-Party Complaint") ¶ 41, ECF No. 32-2.) Specifically against Wander, Kretz asserts claims for: (1) fraud; (2) conspiracy; (3) breach of contract; and (4) various violations of the New Jersey Consumer Fraud Act. (*Id.* ¶¶ 40-72.) On August 6, 2011, the Bankruptcy Court entered default judgment against Third-Party Defendant Wander, and others, in the amount of $178,382.67 in damages and $78,788.21 in attorney's fees, plus interest. (Pl.'s Opp'n Br., Ex. A 2-4, ECF No. 36.)

II.  **Legal Standard**

Motions to vacate default and default judgment are governed by Federal Rules of Civil Procedure 55(c) and 60, respectively. Under Rule 60(b), a court may relieve a party from a final judgment for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Rule 60(b)(6) is not intended as a means by which the time limitations of Rule 60(b)(1)-(3) may be circumvented." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975); *see United States v. Karahalias*, 205 F.2d 331, 334-35 (2d Cir. 1953). Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal quotation marks omitted); *see Stradley*, 518 F.2d at 493.

When deciding whether to vacate default judgment, courts also take into consideration three factors associated with Rule 55(c): (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). However, "[t]here is a distinction between a default standing alone and a default judgment." *Feliciano*, 691 F.2d at 656. Setting aside a default requires less substantial grounds than setting aside a default judgment. *Id.*

### III. Analysis

Wander's motion seeks to set aside a default judgment pursuant to Rule 60(b)(6). Wander is a licensed and practicing attorney in the State of New Jersey. (Certification of Lawrence A. Wander ("Wander Cert.") ¶ 1, ECF No. 32-3.) Wander asserts that: (1) he has a meritorious defense; (2) Third-Party Plaintiff would suffer no prejudice from vacating the judgment; and (3) he did not act in bad faith. (Def.'s Moving Br. 5-7, ECF No. 32-4.) Wander also asserts that his personal circumstances also support granting the motion under Rule 60(b)(6), which allows relief from a final judgment for "any other reason that justifies relief" if filed within a reasonable

3

time. *See* Fed. R. Civ. P. 60(b)(6). Kretz argues that he would be prejudiced if the motion is granted and that Wander's personal problems are insufficient to excuse his failure to file an answer or a timely motion. (Pl.'s Opp'n Br. 2-4, ECF No. 36.) Third-Party Plaintiff contends that Wander's approximate two-year delay in filing the motion to vacate judgment is unreasonable. (*Id.* at 3-4.) In addition, Third-Party Plaintiff argues that Wander's Rule 60(b)(6) arguments actually fall under Rule 60(b)(1)-(3) and are thus barred by the one-year limitation. (*Id.* at 2-3.) The Court finds that Wander's alleged grounds for relief fall under Rule 60(b)(1) and (3) and are barred by the one-year limitation and further finds that, on the facts of this case, a two-year delay on any Rule 60(b) motion is unreasonable.

### A.     Rule 60(b)(6) Grounds for Relief

Wander's arguments manifest themselves as claims for excusable neglect and misrepresentation; both excusable neglect and misrepresentation fall under Rule 60(b)(1) and (3) and are barred by the one-year time limitation. *See Stradley*, 518 F.2d at 492-93. A moving party cannot circumvent the one-year limitation of Rule 60(b)(1)-(3) simply by using Rule 60(b)(6) as a catchall. *Id.* at 493. Rule 60(b)(6) allows courts to vacate judgment for any reason *except* the five particularly specified and is reserved for cases showing exceptional circumstances. *Id.*; *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949). Here, Wander's assertions that he was impaired because of depression and ADHD speak to excusable neglect. (Def.'s Moving Br. 4.) Furthermore, his allegation that in 2007 he was informed by the senior partner of the law firm representing Kretz that he did not have to worry about the lawsuit pending against him is essentially a claim of misrepresentation or fraud. Wander's effort to incorporate all of his arguments under Rule 60(b)(6) is an attempt to bypass the one-year time limitation under Rule 60(b)(1) and (3). *See Klapprott*, 335 U.S. at 614-15.

Notwithstanding the one-year time limit of Rule 60(b)(1)-(3), Wander's motion was not filed within a reasonable time. Fed. R. Civ. P. 60(c)(1). While Rule 60(b)(4)-(6) grounds for relief do not have the specified one-year time limitations, they still must be filed within a reasonable time. *Id.* For example, the court in *Moolenaar v. Government of the Virgin Islands* determined that Plaintiff's filing of his Rule 60(b)(6) motion almost two years after the district court's initial judgment was "not made within a reasonable time." 822 F.2d 1342, 1348 (3d Cir. 1987) (internal quotation marks omitted). Similarly, here, Wander's motion to vacate default judgment was filed nearly two years after judgment was levied against him.

### B. Rule 55(c) Factors

Wander argues that his motion should be granted because: (1) he has a meritorious defense; (2) Kretz would suffer no prejudice if the judgment were vacated; and (3) Wander did not act in bad faith. (Def.'s Moving Br. 5-7.) Wander further argues that he did not act in bad faith because Kretz's attorney told him that he did not have to worry and because his medical condition and personal problems prevented him from realizing the importance of this issue. (*Id.* at 7.) Plaintiff asserts that he would be prejudiced if the judgment were vacated but does not directly address Wander's other arguments. (Pl.'s Opp'n Br. 4.)

Rule 55(c) authorizes a court to "set aside the entry of default for good cause shown." *Feliciano*, 691 F.2d at 656 (internal quotation marks omitted). While courts recognize a distinction between default and default judgment, it is common practice to apply the three factors associated with Rule 55(c) in both situations. *Id.*; *Hritz*, 732 F.2d at 1181. All three factors are required to vacate default; failing to address any one of the three is grounds for denying the motion. *See Feliciano*, 691 F.2d at 654. Accordingly, the Court only addresses the third factor: whether culpable conduct of the defendant led to the default. *See Hritz*, 732 F.2d at 1181. "Appropriate

5

application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated." *Id.* at 1183. Acting willfully or in bad faith satisfies this threshold. *Id.*

Here, the Court finds Wander's arguments insufficient. Wander acted willfully both in not answering the complaint, which led to default judgment against him, and not filing his motion within a reasonable time. While it may be reasonable that Wander trusted Kretz's attorney when he told Wander he was not a liable party, that trust should have ended when he was named as a defendant. Furthermore, if Wander believed the allegations against him were false, it was his responsibility to file an answer or otherwise move. While the Court recognizes Wander's medical condition and personal problems, his decisions not to litigate and to wait two years to file the instant motion are simply too great for the Court to excuse. *See Moolenaar*, 822 F.2d at 1348. It is for these reasons that Wander's motion is denied.

## IV. Conclusion

For the above reasons, the Court denies Third-Party Defendant's motion to vacate default judgment. An order reflecting this decision accompanies this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 15, 2015