**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RUSTIN KRETZ,

        Plaintiff,

        v.

DAVID HERNANDEZ, et al.,

        Defendants.

Civil Action No. 12-3152 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Stewart Title Guaranty Company's ("STGC") Motion for Summary Judgment. (ECF No. 104.) Plaintiff Rustin Kretz ("Plaintiff") opposed (ECF No. 109) and STGC replied (ECF No. 110). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, STGC's Motion for Summary Judgment is GRANTED.

**I.**     **Undisputed Material Facts**[1]

Plaintiff's claims arise from Defendant David T. Hernandez Jr.'s ("Hernandez") action against Plaintiff in bankruptcy court, where Hernandez, the seller of a property ("Property"), claims that he was fraudulently induced to sell the Property to Plaintiff and that Plaintiff intended to "strip the equity" that Hernandez had in the Property. (Statement of Undisputed Material Facts ("SUMF") ¶¶ 1-2, ECF No. 104-4.) On November 15, 2010, Plaintiff filed a "Third-Party

---

[1] Plaintiff did not file opposition to STGC's Statements of Undisputed Material Facts as set forth in Local Civil Rule 56.1(a). Pursuant to Rule 56.1(a), "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion."

Complaint" in the bankruptcy action against several third-party defendants, but STGC was not a party in the action. (*Id.* ¶ 4.) STGC had underwritten the Policy of Title Insurance ("Title Policy"), which was issued sometime after General American Corporation closed the sale for the Property.[2] (*Id.* ¶ 15.)

On or about July 7, 2011, during discovery, Plaintiff obtained the Title Policy, which "clearly revealed STGC's role in the transaction." (*Id.* ¶¶ 16-22.) On or about September 7, 2011, approximately two months after Plaintiff obtained a copy of the Title Policy, Plaintiff's counsel submitted a claim to STGC on Plaintiff's behalf. (*Id.* ¶ 22.) In an e-mail correspondence dated September 16, 2011, STGC's Claims Counsel advised Plaintiff's counsel that Plaintiff was not insured by STGC.[3] (*Id.* ¶ 24.)

"On or about July 24, 2012, in response to a 'Motion for Withdrawal of Reference' filed by Hernandez, the reference to the [bankruptcy action] was withdrawn and the action was transferred to this Court." (*Id.* ¶ 8.) On September 26, 2014, Plaintiff was granted leave to file an Amended Complaint. (*Id.* ¶ 11.)

On October 22, 2014, Plaintiff filed an Amended Complaint, (*id.* ¶ 12; Am. Compl., ECF No. 98), claiming that he was a victim of a mortgage foreclosure rescue scam in connection with the Property he purchased on or about August 16, 2006. (SUMF ¶ 1.) In the Amended Complaint, Plaintiff joined STGC as a defendant in the action, asserting the following claims: Count IV -

---

[2] The Title Policy was issued to Plaintiff's lender, Dreamhouse Mortgage Corporation, and it insured the Dreamhouse Mortgage Corporation's mortgage lien against the Property. (SUMF ¶ 15.)

[3] The e-mail correspondence states: "Your client can't find a copy of his owner's policy as apparently he never intended and didn't purchase one. The commitments don't indicate one was going to issue and the HUDs show the line item for owner's coverage as '*None*.' So it would appear that [Plaintiff] is not an insured of Stewart Title." (SUMF ¶ 24.)

2

Fraud; Count V – Conspiracy; Count VI – Breach of Contract; Count XI – Violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.* ("CFA"); Count XII – Violation of the CFA – False Promises, Misrepresentations and Knowing Omissions of Fact; Count XIII – Violation of the CFA – False and/or Deceptive Advertising; and Count XVI – *Respondeat Superior*. (Am. Compl. ¶¶ 54-64, 84-105.)

During Plaintiff's October 6 and 7, 2015, Deposition ("Plaintiff's Deposition"), Plaintiff testified that he had no contact or discussions with STGC, and that he had never even heard of STGC prior to the closing of the Property. (SUMF ¶ 27.) During Plaintiff's Deposition, Plaintiff also stated that he learned that he was a victim of an alleged scam on or around August 2007, and that he immediately retained counsel to represent him. (*Id.* ¶¶ 29-30.) On March 9, 2016, STGC moved for summary judgment, claiming that all of Plaintiff's claims against STGC are barred by the statute of limitations. (STGC's Moving Br. 2, ECF No. 104.)

## II.     **Legal Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must first demonstrate that there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Courts construe facts and inferences in the light most favorable to the non-movant in order to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could find for the non-moving party. *Id.* at 248. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. "Thus, if a reasonable

fact finder could find in the non-movant's favor, then summary judgment may not be granted." *Norfolk S. Ry. Co. v. Basell USA Inc.*, 512 F.3d 86, 91 (3d Cir. 2008).

### III. Parties' Positions

#### A. Statute of Limitations

STGC contends that all of Plaintiff's claims are time barred by the statute of limitations. (STGC's Moving Br. 8-9.) STGC asserts that during Plaintiff's Deposition, Plaintiff testified that he learned he was a victim of an alleged scam as early as August 2007 and immediately retained counsel to bring this action. (*Id.* at 10.) Since all of Plaintiff's claims are governed by a six-year statute of limitations period, Plaintiff should have commenced his claims against STGC by August 2013, but failed to do so until October 22, 2014. (*Id.*) In his opposition, Plaintiff contends that the statute of limitations did not begin to accrue for the purposes of bringing a claim against STGC until he learned of or should have learned of STGC's involvement. (Pl.'s Opp'n Br. 2-3.) Alternatively, Plaintiff suggests that he could file a separate action against STGC where STGC would be the only defendant if the Court grants STGC's Motion for Summary Judgment. (Pl.'s Opp'n Br. 3.)

#### B. The Fictitious Party Rule

In anticipation of Plaintiff's reliance on New Jersey Court Rule ("N.J.R.") 4:26-4 (the "fictitious party rule"), STGC argues that Plaintiff's original Complaint failed to comply with the requirements of the fictitious party rule because the Complaint did not sufficiently describe the fictitious defendant. (STGC's Moving Br. 10-11.) STGC also asserts that even if the Complaint complied, the fictitious party rule cannot save Plaintiff's claims against STGC because Plaintiff failed to exercise due diligence in ascertaining STGC's identity. (*Id.* at 12.) Specifically, Plaintiff knew of STGC and its role in the transaction regarding the Property two years before the statute

of limitations against STGC had expired, but failed to amend his Complaint until the limitations period had expired for more than one year. (*Id.*)

In opposition, Plaintiff argues that he sufficiently described the identity of the fictitious party and that a "slight [thirteen] month delay" from when the statute of limitations had expired to identify STGC in its Amended Complaint would not cause STGC to suffer any prejudice. (Pl.'s Opp'n Br. 3-4.) Plaintiff also argues that the fictitious party rule should apply because "the counterweights of 'individual justice' and 'broader considerations of repose'" are in his favor. (Pl.'s Opp'n Br. 3-4.)

STGC, in its reply, asserts that even if prejudice were relevant in determining whether the fictitious party rule should apply, STGC has suffered prejudice because it has been forced to spend resources to defend claims that are time barred. (STGC's Reply Br. 3, ECF No. 110.) STGC further asserts that Plaintiff cannot rely on the fictitious party rule because Plaintiff knew he had a cause of action against STGC before the statute of limitations had expired, and failed to bring those claims. (*Id.* at 3.) STGC argues that Plaintiff is therefore barred from invoking the fictitious party rule. (*Id.*)

### C.  Ongoing Discovery

Lastly, Plaintiff argues that STGC's Motion for Summary Judgment is premature because discovery is ongoing, and that further discovery could lead to additional evidence that could defeat STGC's Motion. (Pl.'s Opp'n Br. 2.) Plaintiff states that discovery will conclude on September 30, 2016.[4] (*Id.*) In response, STGC contends that Plaintiff only plans to depose employees of

---

[4] Plaintiff discusses the September 30, 2016 date in the future tense because Plaintiff's opposition was filed prior to that date. (ECF No. 109.)

5

other defendants identified in the case and that its Motion exclusively depends on facts derived from Plaintiff's own filings. (STGC's Reply Br. 3.)

## IV. Discussion

### A. Statute of Limitations

Statutes of limitations generally begin to run when a plaintiff discovers he has suffered an injury or harm, or could have discovered it with due diligence or care. *Tobacco & A. Stocks v. Transamerica Corp.*, 244 F.2d 902, 903-04 (3d Cir. 1957); *see S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 424 (3d Cir. 1999) ("[A] cause of action accrues when a plaintiff knows or should know of its existence[.]"). Fraud claims are governed by a six-year statute of limitations. N.J.S.A. 2A:14-1; *see Kaufman v. I-Stat Corp.*, 754 A.2d 1188, 1205 (N.J. 2000). Similarly, conspiracy and breach of contract claims are governed by a six-year statute of limitations. N.J.S.A. 2A:14-1; *see Tammera v. Grossman*, No. 10-569, 2010 WL 1372406, at *6 (D.N.J. Mar. 29, 2010). Any civil action claims brought under the CFA are also governed by a six-year statute of limitations. *See Dilorio v. Structural Stone & Brick Co.*, 845 A.2d 658, 663 (N.J. Super. Ct. App. Div. 2004). Further, Plaintiff's claims of fraud, conspiracy, breach of contract, and CFA violations under a theory of *respondeat superior* are governed by a six-year statute of limitations. N.J.S.A. 2A:14-1; *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, No. 97-3496, 2006 WL 166491, at *8-9 (D.N.J. Jan. 23, 2006).

The Court agrees with STGC's contention that all of Plaintiff's claims against STGC are time barred by the statute of limitations. It is undisputed that Plaintiff learned he was a victim of an alleged scam on or about August 2007 and immediately retained counsel to pursue the appropriate legal action. (STGC's Moving Br. 10.) Plaintiff, therefore, should have brought his claims against STGC within six years after discovering he suffered the injury.

As for Plaintiff's contention that the statute of limitations did not begin to accrue for claims against STGC until he learned or should have learned of STGC's identity, the Court disagrees. (Pl.'s Opp'n Br. 2-3.) Plaintiff does not cite any case law to support his proposition. Further, it is well established in the Third Circuit that the statute of limitations begins to run when plaintiffs discover they have suffered an injury, not when plaintiffs discover the identities of previously unknown defendants. *See Tobacco & A. Stocks*, 244 F.2d at 903-04. The Court, therefore, finds that the statute of limitations expired in August 2013.

### B. The Fictitious Party Rule

Under New Jersey law,[5] "if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J.R. 4:26-4. The fictitious party rule may allow an amended complaint to relate back to the date of the original complaint if the claimant exercised due diligence to ascertain the defendant's true name before and after filing the complaint. *Farrell v. Votator Div. of Chemetron Corp.*, 299 A.2d 394, 396 (N.J. 1973); *Mears v. Sandoz Pharms., Inc.*, 693 A.2d 558, 561-63 (N.J. Super. Ct. App. Div. 1997).

The fictitious party rule does not apply if claimants knew or should have known the identities of the fictitious parties before the statute of limitations expired and failed to amend accordingly. *See Matynska v. Fried*, 811 A.2d 456, 457 (N.J. 2002); *Marion v. Borough of Manasquan*, 555 A.2d 699, 700-01 (N.J. Super. Ct. App. Div. 1989). In *Marion*, the plaintiffs

---

[5] The Court applies New Jersey's fictitious party rule where the relevant statute of limitations arises under New Jersey law. *See McGill v. John Does A-Z*, 541 F. App'x 225, 227 n.2 (3d Cir. 2013).

filed an action against the Borough and its police department, using fictitious names[6] to describe the police officers that had detained the plaintiffs in jail cells for several hours for walking on a sidewalk adjacent to a beach without beach tags. 555 A.2d at 700-01. Five months before the statute of limitations expired, the defendant Borough served the plaintiffs with answers to their interrogatories where they specifically identified the three police officers who were involved in the arrest and detention of the plaintiffs. *Id.* at 701. After the statute of limitations had expired, the plaintiffs moved to amend their complaint with the identities of the three police officers, contending that the fictitious party rule allowed the date of their amended complaint to relate back to the date of their original complaint. *Id.* at 706. The court held that because the answers to the interrogatories were "served well before the statute of limitations expired," notifying the plaintiffs as to the identities of the police officers, the plaintiffs were not permitted to amend their complaint. *Id.*

Here, it is undisputed that Plaintiff received clear indication of STGC's involvement in the purchase of the Property as early as July 7, 2011, when the named defendants responded to Plaintiff's discovery request and identified STGC as having issued and underwritten the Title Policy. (*See* STGC's Moving Br. 5; Pl.'s Opp'n Br. 2-3.) Plaintiff had more than two years to amend his Complaint, but failed to do so until October 22, 2014, over one year after the statute of limitations had expired in August 2013. Because Plaintiff knew of STGC's role in the alleged scam for over two years *before* the statute of limitations expired, and failed to join STGC as a defendant until one year *after* the statute of limitations had elapsed, the Court finds that Plaintiff's claims against STGC are time barred.

---

[6] The plaintiffs alleged that they were "unlawfully detained and arrested by the defendants, John Doe, John Roe and John Smith, all fictitious names." *Marion*, 555 A.2d at 701.

8

Further, Plaintiff cannot rely on the "the counterweights of 'individual justice' and 'broader considerations of repose'" to argue that the fictitious party rule should apply. (Pl.'s Opp'n Br. 3-4.) When a plaintiff seeks to invoke the fictitious party rule in the interests of justice after the statute of limitations has expired, courts will deny the request unless the plaintiff's failure to discover the defendant's identity arises from no fault of the plaintiff. *See Farrell*, 299 A.2d at 394, 400. In *Viviano v. CBS, Inc.*, for example, the court permitted the plaintiff to invoke the fictitious party rule after the statute of limitations had expired because a named defendant had misled and deceived the plaintiff, causing undue delay during discovery. 503 A.2d 296, 305-06 (N.J. 1986).

Here, however, Plaintiff has not suffered any prejudicial delay to warrant invoking the interests of justice. Plaintiff does not argue, and the record does not show, that any defendants in this claim deceived or even attempted to mislead him during discovery. Further, unlike the plaintiffs in *Viviano* and *Farrell* who did not learn the identities of certain defendants until after the statute of limitations had elapsed, Plaintiff was aware of STGC and its role in the alleged scam two years prior to the expiration of the statute of limitations. *See Vivano*, 503 A.2d at 302-04; *Farrell*, 299 A.2d at 398-400. Therefore, the Court finds that the interests of justice do not compel the Court to apply the fictitious party rule in Plaintiff's favor.

### C. Ongoing Discovery

Plaintiff also argues that discovery would continue until September 30, 2016 and that the Court should not consider STGC's Motion until after discovery concludes. (Pl.'s Opp'n Br. 2.) Since Plaintiff's Opposition was filed, September 30, 2016 has passed, and Plaintiff has not provided the Court with any additional filings in support of his opposition to STGC's Motion. The Court, therefore, finds it appropriate to decide STGC's Motion for Summary Judgment at this time.

## V.      Conclusion

For the reasons set forth above, the Court finds that there is no genuine dispute of material fact and that STGC is entitled to judgment as a matter of law. Therefore, STGC's Motion for Summary Judgment is GRANTED. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: October 31st, 2016